IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM THORNTON BLAKEY,

    Plaintiff,

v.                                    Civil Action No. 3:17CV468

MARK HERRING, et al.,

    Defendants.

**MEMORANDUM OPINION**

By Memorandum Opinion and Order entered on October 10, 2017, the Court dismissed this action without prejudice because William Thornton Blakey failed to affirm his intention to pay the full filing fee by signing and returning a consent to the collection of fees form. On October 23, 2017, the Court received a letter motion "requesting reinstatement of" this action. (ECF No. 10, at 1.) Blakey contends that he could not purse the action because he was transferred and because he lacked his legal materials after he was transferred. (Id.) Because the letter motion was filed within twenty-eight days of the entry of judgment, the Court construes the motion as one filed pursuant to Federal Rule of Civil Procedure 59(e). ("Rule 59(e) Motion.")

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.

1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Blakey fails to demonstrate any persuasive reason why the Court should reinstate this action on the docket. The Court dismissed the action because Blakey failed to complete and return a consent to the collection of fees form. On August 2, 2017, the Court mailed a consent to the collection of fees form and an in forma pauperis affidavit form to Blakey and instructed him that he must complete and return both forms within thirty days. Blakey apparently received these forms because he completed and returned the in forma pauperis form. However, he did not complete and return the consent to the collection of fees form. Blakey fails to demonstrate that the Court committed a clear error of law or that reopening his case is necessary to prevent manifest injustice. Nor does Blakey demonstrate any other basis for granting Rule 59(e) relief. See Williams v.

2

Virginia, 524 F. App'x 40, 41 (4th Cir. 2013) ("The reconsideration of a judgment after entry is an extraordinary remedy which should be used sparingly." (citing Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998))). Accordingly, Blakey's Rule 59(e) Motion (ECF No. 10) will be denied.

Nevertheless, it appears that Blakey wishes to continue to pursue his claims. Accordingly, the Clerk will be directed to send Blakey a standard form for filing a 42 U.S.C. § 1983 complaint. If Blakey wishes to pursue his claims, he may submit a new complaint that will be filed as a new civil action. The Court will process any new complaint upon its receipt from Blakey. No further action will be taken in this closed case.

The Clerk is directed to send a copy of the Memorandum Opinion to Blakey.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: October 26, 2017
Richmond, Virginia

3